Good morning. May it please the court, my name is Amalia Bell representing Petitioner Beatrice Rajwayi, along with my co-counsel Zachary Nightingale. If you could just keep your voices short, I would like to reserve three minutes for rebuttal. The Board of Immigration Appeals committed clear legal error in denying Petitioner's motion to reopen when it concluded that a mental disorder cannot serve as a basis for equitably tolling a filing deadline. Would you mind pointing out the case in this circuit or elsewhere that you think most records and courts that you've motioned to reopen based on mental impairment? Sokov-Gonzalez, Your Honor, which is a court-filed decision. Sorry, which one did you say? Sokov-Gonzalez, which was the first decision in this court, recognizing that an immigration motion to reopen deadline was subject to equitable tolling. And in that decision, there's a specific cite to a prior line survey of decisions, Stoll v. Runyon, and there's a specific mention that mental incapacity can form a basis for equitable tolling. So this error alone requires a remand in this case. Under this court's precedent, in order to pull the time and number limits on a motion to reopen, a party needs to make two showings, and this comes from Sokov-Gonzalez. First, that due to circumstances beyond her control, the litigant has been prevented from obtaining vital information bearing on the existence of her claim. And second, that she has acted with due diligence. Pardon me, just a second. Is the microphone system at full force here? Let me ask the clerk. Sorry. I didn't try to speak louder. It's just, I'm afraid I'm catching everything you're saying. Okay. Thank you. I'll try to be louder. Okay, so the two, so in Sokov-Gonzalez, that's better. In Sokov-Gonzalez, it's recognized that mental incapacity may be grounds for equitable tolling, an immigration motion to reopen deadline. And under this court's precedent, as articulated in Sokov-Gonzalez, in order to toll the time and number limits for a motion to reopen, a party needs to make two showings. The first is that due to circumstances beyond her control, the litigant has been prevented from obtaining vital information bearing on the existence of her claim. And second is that she has acted with due diligence. So in this case, the board did not reach the diligence question, nor did it doubt that she had met the other regulatory requirements for a motion to reopen, including that she had prevented new material evidence that shows her eligibility for a removal. Instead, the board started and ended its consideration of Ms. Rajwani's motion to reopen with the conclusion that the motion was time and number barred because the board perceived that there was no basis for tolling. The board applied an excessively narrow formulation of the possible basis for equitable tolling. But what do you think the board should have done? Well, the board should have looked at the evidence of the psychological evaluation and the evidence of the declarations showing the nexus between the psychological evaluation and her inability to file a motion to reopen. Let's look at that. I think that's a fair point, and I may be getting ahead of the game here. But I mean, it looks like Dr. Wild's records reveal that she only examined her client one time on July 24, 2013. So it's not clear to me why it took six months, I think it was January 2014, for you or your client to obtain Dr. Wild's report. That seems like a rather unusually long time. And I'm curious because your client, that was when she first found out that she was mentally ill recently. And I'm curious why that doesn't show a lack of diligence on the part of the petitioner. Is there an explanation? So there's an explanation of the timing in an attorney declaration that is an AR-120 that explains when she came and consulted with our office and got the referral to a mental health professional. And then that was the day after a significant decision was made, wasn't it? Right. Okay. So that was one of the events that triggered her to come to our office. And it was her inability to articulate exactly why she had given this false testimony regarding the newspaper. And her continuation of an articulation of basically an incoherent explanation that caused us to refer her to a psychologist. And then we argue that it's told until, I mean I cannot answer your question, six months before the making of the report. She saw her, I think the next week or within days of when she came to see you, make it the next day I believe. Okay. And it took six months for the doctor to do a report. So it was, I believe it was January that, six months. Okay. So on the diligence question, so I'll say on the diligence question, I made the explanation for the six months. I agree with you on this. I can say she didn't know of the diagnosis. That it took the psychologist a long time to get the report. I'm not sure that that should be imputed to the petitioner. It matters what she knew. And she didn't get the evaluation. She wasn't aware of the diagnosis until January. And then the motion to rail was filed within 90 days of that. Did you express to her, her first time around, that there was a concern about her mental capacity? There was an articulation to her that perhaps she should consult with a mental health professional. But as attorneys, we're not competent to actually diagnose the mental health disorder. So it's actually not until she's made aware. That's an unexplained reason because you're not answering my question. So I take it you either don't want to answer it or you're not sure why. But why it took six months. And you're, I guess, arguing without answering my question that the six months should be held against her. I guess I'll say, just because I didn't see her on here. I guess I don't. I would have to review the record, which I will. I'm struggling a little bit with your equitable tolling theory. Your argument is that your client's mental condition was so severe that she was unable to explain that she received a forged newspaper article from her cousin. But you admit that your client is not completely mentally incapacitated. I believe you argue that because the record shows that she's the main provider for her family. So I'm struggling whether it's plausible that your client is actually hindered by her medical condition, as she claims and as the report concluded. I mean, she was very high functioning during that period from what I can gather in the record. And maybe that's not a determination for us to make, but it really shows a real weakness in your argument, your theory. I don't think that that's for this Court to decide. I think this Court, for whom the Court of Immigration is a determination, which basically just made the finding we're not even going to look at the psychological evaluation to determine whether the mental health condition was severe enough to warrant medical tolling or caused a failure to file or need to address the diligence inquiry at all. So I actually think even the diligence inquiry isn't before this Court because what the Board did was it just said mental health is not grounds for equitable tolling. The Court said you either need to show ineffective assistance to counsel or you need to show deception, fraud, or error. So she didn't show either of those things, but she did make an argument that equitable tolling is warranted based on a mental health disorder. And that's clear under this Court's precedent, and the Court completely ignored the Court's precedent. Do you want to reserve? Yes, I do. Thank you. May it please the Court, Stacey Ann is for the respondent. Actually, now I can't read my notes. The Court should deny the petition for review in this case. This is a case about a woman who wants to avoid the time and number bar on her motion to reopen based on a new diagnosis of depression and post-traumatic stress disorder. However, in this case, when she first appeared before the immigration judge in 2008, the immigration judge actually saw the petitioner's testimony as, quote, extremely detailed and consistent. The respondent was very clear on all facts and events, even though at times it was difficult for her to express herself. Respondent's demeanor was fully consistent with her account of the facts. You should point to me where in the BID's denial of the petitioner's second motion to reopen, the BID addressed the petitioner's argument that through no fault of her own, she was prevented from discovering her medical conditions or the cause of her credibility issues, because it's not clear to me that the BIA ever addressed her argument that's being made here on appeal and that there were extraordinary circumstances that prevented her. It appears that the BIA just unparalleled dismissed without actually addressing and providing the explanation in response to that request. Okay, Your Honor. Your Honor is correct that the board did not specifically address whether mental incompetence could be a basis for equitable tolling or whether the individual in this case exercised due diligence. It did not do so because the argument that was raised in the petitioner's motion to reopen regarding equitable tolling didn't touch on the concept of mental incompetence as a basis to equitably toll the filing. Because she did say that. I mean, she said the medical conditions, her medical conditions prevented her from discovering the legal material. That's true. You're correct, Your Honor. But the whole idea behind equitable tolling is an ignorance of limitations, period. And so, Gonzales talks about that. Now, in this case, what the board was trying to get at is simply because someone, while exercising due diligence, becomes aware of new evidence in her case, that doesn't fall within the parameters of the very limited exception to filing deadlines that a person can obtain through equitable tolling. In this case, there's no causal link between the petitioner's diagnosis and her failure to meet the filing deadline. As Your Honor pointed out earlier, she has pursued her case with diligence. She knew that there was a filing deadline. It appears that she knew that there was a filing deadline. She's claiming that she did have this mental illness. She has a doctor's report. I think there's reasons to question the doctor's report. But it doesn't look like the BIA did that review. Your Honor. And what you're doing right now are the analysis. The reason that the board didn't get at that is because of the fact that there is no claim in this case that the individual was unaware of the time limit, the 90-day time limit for filing a motion to reopen. The cases that talk about mental incompetence don't simply say that the person had a mental condition. They turn on whether that mental condition had some impact on the petitioner's understanding of there being a certain time limit. So are you going back? I thought her argument was that she was aware of the time limit because of her mental health. And you're saying that's not what she was talking about? That wasn't the argument. On pages 83 and 84 of the record, that's where the petitioner's laid out their equitable tooling claim in their motion to reopen. And it talks about how she was not aware of her mental health condition at the time, and that that stopped her from coming forward with her mental health condition. I don't know. I'm not quite sure. I think January 27, 2014, that she filed a second motion to reopen, right? I believe that's the correct date, Your Honor. And based on newly obtained medical evidence and changed conditions or changed circumstances in Kenya, she claims she was diagnosed with severe depression and PTSD, which her doctor asserts or claims or opines that it registered incapable of credibly testifying at her prior hearing and made it difficult for her to explain how she came to submit forged documents. Now, I think there's a lot of reasons to look at that, especially on the date and the substance, but the PIA didn't do any review of that. And I'm having trouble understanding your argument when she specifically stated that in her book as a basis for her motion to reopen. Because it doesn't have anything to do with whether she was aware of the 90-day time limit for a motion to reopen. One of the cases that the petitioners filed a 28-day letter in for Bessie Frank talks about mental impairments and when those can be a reason to apply for a plea toll. And the person would have to show that the impairment is so severe that the person did not understand the need to timely file and that made it impossible under the totality of the circumstances to meet the filing deadline. Now, in this case, the board's decision is pointing out that I'm sure when your Honor read through all of those arguments that were made, nothing gets at how that diagnosis served as an impediment for her understanding that there was a filing deadline of 90 days. In this case, everything goes toward her wanting to submit additional evidence in support of her claim. And it misses that connection to the lack of understanding of the filing deadline. It seems like it might be inherent, but your Honor said she has to specifically plead that because of these reasons why she's saying she wants to reopen. Those also serve as reasons as to why she didn't abide by the 90-day deadline. That's her burden. I mean, the burden is on the alien to establish that reopening is warranted. And the board only has the arguments that it has before it. The board is not supposed to come up with an alternative. She says, I was so depressed and so had all these problems that I didn't realize what my trouble was until after the deadline passed. That's not good enough. No, Your Honor, that's not good enough. And that's what the board was saying in this case. I mean, as the board pointed out, that if a person is simply able to show that she exercised due diligence and came up with additional information bearing on the merits of her claim, then it would basically create out the concept of having a 90-day filing limit for motions to reopen. That's there because of the Congress saw a need to have finality in removal proceedings. And equitable tolling is a rare, the Supreme Court has called it a rare remedy, I think is a rare, I'm not sure if remedy is the correct word. Do you agree that if she had been stopped by a vehicle and was incapacitated and unconscious, obviously that would be a basis for equitable tolling? And even if she chose to, even though she might, let's say she was aware on day one that she had a 90-day limit, she walks out, she sits in that car, she's unconscious for the next four months, you'd say equitable tolling would not apply or would apply? I don't know, Your Honor. It sounds like you're saying that she would have to plead that she was struck by a car and then incapacitated and therefore couldn't file. You're right, Your Honor. What happens if this is all mental illness and there's no allowance for claiming all these reasons for the motion to reopen, that that would also account for the 90 days? Right. I mean, in order to get a motion to reopen granted, the very first thing that a person needs to do is show either that it's timely, filed within the 90 days, or that there is an exception to that 90-day filing requirement. And before the person gets over that threshold, I'm just going to continue. If the person can't get over that threshold filing requirement, then there's no basis for getting to the merits of our motion. Thank you very much. Thank you, Your Honors. Okay. Thank you, Judge Rickey. I just wanted to address your question about respondents seeming to be functioning in other areas of her life. But I just wanted to say that she may have been able to consult a lawyer or file taxes, have a job. It's different and distinct from whether she was aware that she had a mental illness that it prevented her from filing a motion to reopen and from discovering why she could not really explain why she had given a false testimony in the immigration context. And there's a PIA decision that's somewhat related, I think, a matter of JRRA, which just explains the difference in immigration court that someone might be competent to have an immigration hearing, but they might give testimony that seems unclear and implausible because of her mental illness. So just the main argument that the government made that she didn't specifically allege or request the tolling based on the fact of the 90 days, based on her mental impairments. Well, we think that she did. Well, where is it? Ages 83 to 82 to 84. Do we have the record on it? Do we have the record on it? CR-82-84? Yes. So she says at the top that she was unable to meet the 90-day limitations period until she received a psychological evaluation. The motion has been filed within 90 days of the date of receiving it, and that is when there was confirmation of the medical condition, which provided a previously unavailable explanation for her incomplete testimony. So I think that's sufficient, together with the evidence in the record. And I also wanted to address what the Respondents' Council had said about the causation problem. I think that's also not before the court, because the board didn't even reach causation. It just said that there's no basis for eligible tolling here. So that's something, on a remand, the board can decide whether the psychological evaluation is sufficient to allenge a severe announcement. We have time for two more questions. Thank you very much, Ms. Weill and Ms. Ennessy-Kamm, for your presentations today. In the matter of Ms. Ennessy-Kamm, can you please state her name, just so I'll know? Yes, it's Beatrice Freshbody. Roger, Roger. Versus Sessions is now submitted. Thank you. The next case in our docket, Hanoi v. Bank of America has been submitted on three solvers, leading only to the case of David M. Curling v. Wells Fargo and Company.
judges: Schroeder, Murguia, McCalla